

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George P. Hudson
County Attorney
Jones County
Anson, Texas

Dear Sir:

Opinion No. O-3358
Re: What authority does the
commissioners' court have
to apportion the automo-
bile registration fees
to the various precincts
and under what condition
does the court have au-
thority to change the
apportionment?

Your request for our opinion on the hereinafter
stated questions has been received by this department. We
quote from your letter as follows:

"At present the apportionment of Auto-
mobile Registration fees is as follows in this
county: Precinct #1 ----25%, Precinct #2
----29%, Precinct #3 ----23%, Precinct #4
----23%.

"What authority does the court have to
apportion the automobile registration fees to
the various precincts, and under what conditions
does the court have authority to change the a-
bove mentioned apportionments?

"It appears to me that Articles 6740 and 6675a-
10 answers the above questions, and say that the
moneys paid into said fund shall be expended in
each precinct according to the amount collected
from each precinct unless in the sound discretion
of the court a necessity exists to expend said
fund in another proportion due to conditions
of roads in the various precincts. The court is
in question as to what is meant by 'necessity'
and what latitude they are allowed in exercising
their judgment."

Honorable George P. Hudson, page 2

From our understanding of the facts as stated in
your letter, the fees derived from automobile registrations
in Jones County are now being divided and distributed to the
several precincts in the proportions mentioned by you.  Each
commissioner then spends the amount allocated to his precinct
within the boundaries of such precinct.

After providing that the automobile registration
fees which the county is permitted to retain shall be placed
to the credit of the Road and Bridge Fund of the county, Sec-
tion 10 of Article 6675a, prescribes the disposition of such
portion of the Road and Bridge Fund as follows:

"* * * None of the monies so placed to
the credit of the Road and Bridge Fund of a
County shall be used to pay the salary or com-
pensation of any County Judge or County Commis-
sioner, but all said monies shell be used for
the construction and maintenance of lateral
roads in such county under the supervision of
the County Engineer, if there be one, and if
there is no such engineer, then the County
Commissioners' Court shall have authority to
command the services of the Division Engineer of
the State Highway Department for the purpose
of supervising the construction and surveying
of lateral roads in their respective counties.
All funds allocated to the counties by the pro-
visions of this Act (Arts. 6675a-1 to 6675a-14;
P. C. Art. 807a) may be used by the counties in
the payment of obligations, if any, issued and
incurred in the construction of the improvement
of all roads, including State Highways of such
counties and districts therein; or the improve-
ment of the roads comprising the County Road sys-
tem."

Article 6740, Vernon's Annotated Civil Statutes pro-
vides as follows:

"The commissioners court shall see that the
road and bridge fund of their county is judicious-
ly and equitably expended on the roads and
bridges of their county, and, as nearly as the
condition and necessity of the roads will per-
mit, it shall be expended in each county commis-
sioners precinct in proportion to the amount col-
lected in such precinct. Money used in building
permanent roads shall first be used only on first

Honorable George P. Hudson, page 3

or second-class roads, and on those which shall
have the right of way furnished free of cost to
make as straight a road as is practicable and hav-
ing the greatest bonus offered by the citizens of
money, labor or other property."

While the fees from automobile registrations are
placed in the county's Road and Bridge Fund, the expenditure of
this portion of said fund is not subject to the requirement of
Article 6740, that "it shall be expended in each county com-
missioners precinct in proportion to the amount collected in
such precinct." This provision in Article 6740, has reference
only to that portion of the Road and Bridge Fund derived from
county taxes. As stated in the case of Stovall v. Shivers
(Civ. App.), 76 S.W. (2d) 276, affirmed (Com. App.) 103 S.W.
(2d) 363, at page 367 of the latter opinion:

"As to that portion of automobile
registration fees retained by Van Zandt county,
article 6675a-10, Vernon's Ann. Civ. St., express-
ly provides how same shall be expended, and for
that reason it is obvious that article 6740 has
no application to same."

Article 6675a-10 states that such funds shall be
used "for the construction and maintenance of lateral roads
in such county," or "in the payment of obligations, if any,
issued and incurred in the construction or the improvement of
all roads," in the county.

The responsibility for the proper expenditure of these
funds, therefore, necessarily rests upon the commissioners'
court. In this connection we quote further from the opinion
of the Commission of Appeals of Texas, Section A, in the Stovall
v. Shivers case, as follows:

"By article 2342 of the Revised Statutes,
it is provided that the several commissioners, to-
gether with the county judge, shall compose
the 'commissioners court.' Such court is
manifestly a unit, and is the agency of the
whole county. The respective members of the
commissioners court are therefore primarily
representatives of the whole county, and not
merely representatives of their respective
precincts. The duty of the commissioners court
is to transact the business, protect the in-
terests, and promote the welfare of the coun-
ty as a whole. Among the powers conferred upon

such court by article 2351 are the follow-
ing:  The power to lay out and establish,
change and discontinue roads and highways,
the power to build bridges and keep them in
repair, and the power to exercise general
control over all roads, highways, ferries,
and bridges in their counties.  They have
the power to levy a tax not to exceed 15
cents on the $100 valuation for roads and
bridges.  This fund is, of course, for
the benefit of all roads and bridges of
the county.  These provisions of the law,
as well as others which might be mentioned,
clearly contemplate that the commissioners
court of each county shall regard the roads
and highways of the county as a system, to
be laid out, changed, repaired, improved,
and maintained, as far as practical, as a
whole to the best interests and welfare of
all the people of the county.  It is clear-
ly contemplated that all roads and bridges
of the county shall be maintained, repaired,
and improved when necessary, as the conditions
may require, regardless of the precinct in
which same may be located, so far as the funds
will equitably justify.  This being true,
we think that a commissioners court cannot
voluntarily disable itself from perform-
ance of this general obligation by arbi-
trarily dividing the road and bridge fund
according to some fixed standard, and ap-
portioning same to be expended in a par-
ticular precinct,  to the detriment of roads
and bridges in other precincts."

Opinion No. C-1091 of this department, holds that
Article 6675a-10 controls the expenditure of that portion of
the Road and Bridge Fund derived from automobile registration
fees, and that in expending the same, the commissioners' court
shall regard the roads and highways of the county as a system
to be built, improved and maintained as a whole to the best
interests and welfare of all the people of the county and of
all the precincts of the county.  We are enclosing herewith a
copy of said opinion for your information and convenience.

You are respectfully advised that it is the opinion of this department, under the facts stated, that the commissioner court of Jones County is not authorized to allocate the automobile registration fees to the various precincts in the proportion stated in your letter if such an apportionment would result in one precinct being able to maintain a better class of roads and highways than other precincts. These funds should be expended in such a manner as to give to the county as a whole a uniform system of roads and highways without reference to precinct lines. This responsibility rests upon the commissioners' court and must be determined by them in accordance with all the facts and circumstances involved.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Edgar Pfeil

Edgar Pfeil
Assistant

EP:js
ENC: 1

APPROVED APR 8, 1941

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN